UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND and LANA ELDER,

    Plaintiffs,

v.

HARRISON TOWNSHIP,
a Municipal Corporation;
ANTHONY FORLINI,
in his individual and official
capacity; VIJAY PARAKH,
in his individual and official
capacity; and ERIN
HARDCASTLE-MEHLHOSE,
in her individual and official
capacity, jointly and severally,

    Defendants.
_____/

Case No. 10-cv-13144

Paul D. Borman
United States District Judge

Michael J. Hluchaniuk
United States Magistrate Judge

<u>OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE
MICHAEL HLUCHANIUK'S SEPTEMBER 16, 2014 BENCH ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO COMPEL PSYCHIATRIC EXAM</u>

    On September 16, 2014, Magistrate Judge Michael Hluchaniuk issued an Order regarding the scope and conditions of the psychiatric examinations of the Plaintiffs in this action. ECF No. 73, September 16, 2014 Bench Order (the "Order"). The Order instructed, in part, that the examinations "be conducted without an observer being present and [that] no recording of the examination is permitted." *Id*. The Order also instructed that Plaintiffs bear the cost of transportation to the examinations, which are to take place in Michigan, but ordered Defendants to reimburse Plaintiffs (who have moved to Florida) $400.00 ($200.00 per Plaintiff) toward the price

1

of transportation to Michigan to attend the examinations. *Id*. Magistrate Judge Hluchaniuk specified that no "costs" were being awarded with respect to the motion to compel the psychiatric exams. *Id*. Plaintiffs have filed Objections to those portions of the Order: (1) refusing to permit a recording of the examinations and (2) requiring Defendants to pay only $400.00 toward the Plaintiffs' transportation costs. (ECF No. 74, Plaintiffs' Objections to Magistrate Judge's Order Granting Defendants' Motion to Compel Psychiatric Examinations of the Plaintiffs.) Defendants filed a Response to the Objections (ECF No. 75) and Plaintiffs filed a Reply (ECF No. 76). For the reasons that follow, the Court concludes that Magistrate Judge Hluchaniuk's rulings were neither clearly erroneous nor contrary to law and accordingly DENIES Plaintiffs' Objections.'

## I. BACKGROUND

In this 42 U.S.C. § 1983 action, Plaintiffs seek redress for alleged violations of their constitutional rights by Defendants' alleged acts of excessive force and malicious prosecution related to the process of construction of Plaintiffs' home in Harrison Township, Michigan. More specifically, Plaintiffs claim that the Defendant Harrison Township officials sent unlawful violation letters to the Plaintiffs concerning their home construction, entered the Plaintiffs' property without permission, assaulted the Plaintiff Raymond Elder, filed a meritless complaint against the Plaintiffs with Child Protective Services, caused defamatory news accounts of the Plaintiffs to be published and wrongfully prosecuted Mr. Elder for an alleged assault, a crime for which Mr. Elder ultimately was acquitted. Plaintiffs claim that the Defendants' conduct forced them from their home, caused them to lose their jobs and move out of state, caused them to incur significant legal fees in defending against baseless claims and seeking to enforce their legal rights, and claim also to have suffered emotional and psychiatric damages that are "of central importance to their case." (ECF No. 74, Pls.'

Objections 2.) Plaintiffs do not contest the fact that their psychiatric conditions are at issue in this action and do not contest the Defendants' right to conduct the Plaintiffs' psychiatric examinations under Federal Rule of Civil Procedure 35. They do, however, object to certain of the conditions under which they have been ordered to submit to those examinations.

On September 16, 2014, Magistrate Judge Michael Hluchaniuk entered the following Bench Order regarding Plaintiffs' psychiatric examinations:

> For the reasons stated on the record at the conclusion of the hearing on this matter on September 11, 2014, defendants motion is GRANTED in part and DENIED in part. With respect to this motion, the parties have agreed, as indicated in the Joint Statement of Resolved and Unresolved Issues (Dkt. 72): (1) that defendants are entitled to take psychiatric examinations of the plaintiffs pursuant to Rule 35, (2) that the term "independent" will not be used at any time during the pendency of this lawsuit in reference to the expert, his examination, or his report, (3) that the time of each examination will not exceed 2 hours, and (4) that the expert will not make any medical determinations about plaintiffs' physical conditions or injuries, but is not precluded from discussing or evaluating those injuries in the context of the effect or impact that the physical conditions or injuries may have on his psychiatric conclusions contained in his report. Further, it is ORDERED by the court that the examinations must be conducted without an observer being present and no recording of the examination is permitted. It is also ORDERED that the examinations must be conducted in the Eastern District of Michigan, at a date and time to be established that is mutually agreeable to the parties, with the costs of transportation by plaintiffs to the place of examination being borne by plaintiffs except that defendants are required to reimburse plaintiffs the amount of $400.00 ($200.00 per plaintiff) for those costs. No costs are awarded regarding this motion. Review of this Order is governed by Federal Rule of Civil Procedure 72 and Local Rule 72.1.

ECF No. 74, 9/16/2014 Bench Order.

Plaintiffs now object to those portions of the Order: (1) precluding a recording of the examinations and (2) ordering that Defendants pay only $400.00 toward the Plaintiffs' travel expenses to attend their psychiatric examinations here in Michigan.

## II. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a

district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law

when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D.Mich. Sept.9, 2009)).

## III.     ANALYSIS

The crux of Plaintiffs' argument is that because this is an "adversarial proceeding," and because Dr. Kezlarian has been hired by the Defendants to conduct the examination of the Plaintiffs, Dr. Kezlarian cannot be trusted to conduct a proper "independent" psychiatric exam and Plaintiffs should therefore be permitted to record their psychiatric examinations. Were this the law, recordings of such exams would be routine. But they are not. In fact, as Judge Roberts of this district has observed, "the majority of federal courts decline to allow either recording or an observer [of such exams], absent a showing of a special need or good reason." *Lahar v. Oakland County*, No. 05-72920, 2006 WL 2269340, at *8 (E.D. Mich. Aug. 8, 2006) (citing *EEOC v. Grief Brothers*, 218 F.R.D. 59, 63-64 (W.D.N.Y. 2003); *Tomlin v.. Holececk*, 150 F.R.D. 628, 631-632 (D. Minn. 1993); *Wheat v. Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind. 1989); *Shirsat v Mutual Pharmaceutical Co., Inc.*, 169 F.R.D. 68, 70-71 (E.D. Pa. 1996); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609-610 (C.D. Cal. 1995)). *See also Williams v. Serra Chevrolet Automotive, LLC*, No. 12-11756, 2013 WL 3467314, at *1-2 (E.D. Mich. July 10, 2013) (Majzoub, MJ) (finding that a party desiring to record a Rule 35 exam must demonstrate special need or good cause, which can be shown only "when bias exists or when a party is incompetent" and concluding plaintiff failed to demonstrate either); *Stefan v. Trinity Trucking, LLC*, 275 F.R.D. 248, 250 (N.D. Ohio 2010) ("Federal courts have determined that third parties – whether human or electronic – cannot sit in on physical and mental examinations under Federal Civil Rule 35 unless special circumstances require it.");

*Cessante v. City of Pontiac*, No. 07-15250, 2009 WL 1586553, at *3 (E.D. Mich. June 4, 2009) (denying plaintiff's request for a recording of mental examination in the absence of a showing of special need or good reason) (Majzoub, MJ); *Sultan v. Roush Ind., Inc.*, No. 08-11002, 2008 WL 5188818, at *2 (E.D. Mich. Dec. 10, 2008) (Hluchaniuk, MJ) (noting the general rule in federal courts that recordings of Rule 35 exams not be permitted unless the person being examined demonstrates special need or good reason, noting that Rule 35 did not contemplate truly "independent" exams and finding fact that examiner is hired by the adverse party irrelevant to the analysis); *Miller v. Village of Pinckney*, No. 07-10928, 2008 WL 4190619, at *2 (E.D. Mich. Sept. 9, 2008) (Majzoub, MJ) (noting the general rule of the federal courts that recordings of Rule 35 exams are not allowed and finding plaintiff's argument that an objective recording was required because the facts of the case were in dispute would "apply to most civil actions" and did not supply good cause for the recording).

Plaintiffs rely principally on the opinion of United States District Judge Thomas Ludington of this District in *Kuslick v. Roszczewski*, No. 09-12307, 2012 WL 899355 (E.D. Mich. Mar. 16, 2012), in which the plaintiff denied that her mental condition was at issue in the case, a fact not disputed here. In permitting a recording of plaintiff's psychiatric examination, *Kuslick* relied solely on a 1984 decision from another district and circuit, *Zabkowicz v. West Bend Co.*, 585 F. Supp. 635 (E.D. Wisc. 1984). *Kuslick* did not acknowledge, discuss or distinguish the majority of federal district court cases, including several from this District noted *supra*, that have concluded that such recordings are not allowed absent a demonstrated special need or good cause. In *Stefan*, *supra*, United States District Judge Jack Zouhary recognized that the "majority of federal cases" find "no inherent right" to either the presence of counsel or recording devices at a Rule 35(a) exam. In fact,

*Stefan* distinguished *Zabkowicz*, on which Plaintiffs and *Kuslick* rely, as having "relied on no prior case law" and not having been followed "by any subsequent courts." 275 F.R.D. at 250. *See also Haymer v. Countrywide Bank, FSB*, No. 10-5910, 2013 WL 657662, at *6-7 (N.D. Ill. Feb. 22, 2013) (rejecting *Zabkowicz's* view of Rule 35, finding no basis for a recording of plaintiff's psychiatric examination, concluding that the examining physician "is bound by medical ethics to use her medical judgment to evaluate Plaintiff, and there is no reason to believe that her examination will be overreaching merely because she has been selected by [the defendant]"); *Letcher v. Rapid City Regional Hosp., Inc*., No. 09-5008, 2010 WL 1930113, at *9 (D.S.D. May 12, 2010) (finding the "five paragraph[]" decision in *Zabkowicz* "not long on analysis" and "unpersuasive" because the court "neither discussed nor cited any authority"); *Grief Bros*., 218 F.R.D. at 64 (refusing to follow the *Zabkowicz* view of Rule 35 as "not in keeping with the general holdings of federal courts" and inimical to the purposes of Rule 35). The Court finds the numerous decisions in this District, following "the majority" of federal courts across the country disallowing the presence of third parties and recording devices in Rule 35(a) exams absent special circumstances, to be more persuasive than the unpublished *Kuslick* decision, which is not binding on this Court and does not recognize or analyze the widely accepted special need/good cause standard.[1]

---

[1] Plaintiffs also attach "orders" issued by two different Magistrate Judges in this District authorizing recordings of Rule 35 examinations. (ECF No. 74, Pls.' Objs. Exs. 4, 5.) These "orders," unaccompanied by any factual background or even an affirmative indication that the recordings were opposed in those cases, do not assist the Court in its resolution of the issue presented on the facts of this case. Similarly, the fact that Defendant Hardcastle may have requested a recording of her own medical examination in an unrelated state court proceeding has no bearing on this Court's analysis under the Federal Rules of Civil Procedure of the requested recordings of the Plaintiffs' examinations in this case. *Id.* Ex. 1, *Hardcastle v. Charter Twp. of Harrison*, No. 2013-003556-CZ (Wayne County Circuit Court Aug. 7, 2014) (Pl.'s Br. in Resp. to Def.'s Mot. to Compel Med. Exam).

Plaintiffs criticize Defendants for failing to recognize that Judge Julian Abele Cook of this District modified in part Magistrate Judge Majzoub's order disallowing recordings of Rule 35 examinations in *Marmelshtein v. City of Southfield*, No. 07-15063, 2012 WL 707030 (E.D. Mich. Mar. 5, 2012), an opinion on which Defendants rely. Importantly, Judge Cook did not in fact *overturn* Magistrate Judge Majzoub, as Plaintiffs assert in their reply brief, implying that Judge Cook disagreed with the Magistrate Judge's interpretation of the law or her application of the law to the facts. Judge Cook took no issue with Judge Majzoub's application of the law or her analysis of the facts in reaching her decision not to permit the recordings in that case. Notably, Judge Cook first recognized that in this District, courts have allowed recording or attendance at such exams *only* on a showing of "a special need or good cause." Pls.' Reply, Ex. 3, slip op. at 2. Judge Cook then explained that because a legal guardian had been appointed for Mr. Marmelshtein *subsequent to* Judge Majzoub's ruling, it was necessary to "modify" Judge Majzoub's order *only* as it applied to Mr. Marmelshtein, allowing his exam to take place in his home and in the presence of his newly-appointed legal guardian. *Id*. at 3. Finding that plaintiffs had not established special need or good reason for the recording of Mrs. Marmelshtein's exam, and expressly finding that Judge Majzoub's order was not clearly erroneous with respect to Mrs. Marmelshtein, her exam was ordered to take place at the psychiatrist's office and without recording. *Id*. There is no suggestion that legal guardians have been appointed for either of the Plaintiffs in this case and there is no reason to doubt their ability to "recount for [their] attorney with reasonable accuracy the array of questions by Dr. [Kezlarian] and [their] responses to facilitate potential examination of Dr. [Kezlarian]." *Grief Bros*.,

218 F.R.D. at 64.[2]

Plaintiffs also suggest that Dr. Kezlarian has a propensity to conduct examinations with a predisposition to reach a conclusion that favors the party that hired him. Plaintiffs go beyond this accusation and suggest that courts have routinely found Dr. Kezlarian's testimony to be invalid or incredible. The Court has reviewed each case cited by Plaintiffs to buttress their claim of Dr. Kezlarian's alleged bias and finds that none of the cases suggests that the reviewing court found his testimony to be invalid, unqualified or inherently biased. No court has suggested that Dr. Kezlarian employed questionable examination techniques, that his methods lacked validity or that he intentionally omitted important information in his reports. Plaintiffs provide no evidence that Dr. Kezlarian's testimony has ever been stricken by a court or that he has failed to qualify as an expert in the field of psychiatric care. That courts have found the testimony of other physicians to be more credible in a given number of cases does not establish the type of infective bias that would support the unusual request to record Plaintiffs' examinations. Indeed, in *Kruger v. Pinkertons & Pacific Employers Ins. Co.*, No. 05-0139, 2006 WL 2725376 (Mich. Work. Comp. App. Sept. 19, 2006), which Plaintiffs suggest raises "serious concerns" about Dr. Kezlarian's "bias," the magistrate judge in fact accepted Dr. Kezlarian's statement that plaintiff had not shared with him certain important

---

[2] Plaintiffs appear to suggest that Mr. Elder is sufficiently incompetent that his case presents a special need for a recording of his exam. In support, Plaintiffs attach the decision of an Administrative Law Judge of the Social Security Administration awarding Mr. Elder disability insurance benefits based on a host of medical issues, including: moderate chronic degenerative disc changes, chronic pain and radicular symptoms, problems with his left elbow and difficulty lifting much weight, a long history of treatment for mood disorder and anxiety and morbid obesity that significantly contributes to his functional limitations. (ECF No. 74, Pls.' Objs. Ex. 3, March 20, 2013 Notice of Favorable Decision 5.) Nothing in this social security decision suggests that Mr. Elder is legally incompetent or sufficiently mentally incapacitated that he would be unable to participate in a 2-hour psychiatric examination with a qualified professional examiner without the presence of recording device.

details regarding her past and noted that Dr. Kezlarian testified that had he known these details, certain of them would have been "particularly relevant" to his conclusions. *Id*. at *7. The magistrate judge in no way suggested that Dr. Kezlarian had been deceitful or biased or intentionally ignored facts that plaintiff had disclosed in the examination. The Court rejects Plaintiffs' attempt to discredit Dr. Kezlarian and rejects the suggestion that he cannot be trusted to conduct a proper psychiatric exam in the absence of the oversight of a recording device.[3]

Plaintiffs argue that the right to have a recording of a Rule 35 exam "is critically important in any case involving a subjective and adversarial psychiatric examination, which by its nature relies on the full context of a lengthy and nonreplicable conversation." Reply 4. They assert that the right is "particularly important" in this case because Dr. Kezlarian has a history of giving testimony favorable to the requesting party when called upon to conduct a psychiatric exam. The Court disagrees, as discussed *supra*, with Plaintiffs' characterization of various courts' treatment of Dr. Kezlarian's testimony. But quite apart from the identity of the examiner in this case, the heart of Plaintiffs' argument is that this right exists in *any* case involving a compelled exam under Rule 35. Apparently the drafters of Rule 35 did not agree and did not deem it important to engraft onto the Rule further protections for the party examined that would routinely require contemporaneous recordings simply for the integrity "the adversarial process." Despite allegations regarding the inherently adversarial nature of such exams, absent special need or good cause shown, as courts in this District and in the majority of federal courts have recognized, routine recordings of such exams

---

[3] The Court notes that Defendants have offered to utilize a different examiner on whom the parties can mutually agree. Plaintiffs do not acknowledge this offer, suggesting that Plaintiffs are indeed more concerned with controlling the circumstances of the exam than they are with the identity of the examiner.

are not contemplated by the Rule and are not permitted absent demonstrated special circumstances.

Magistrate Judge Hluchaniuk's ruling disallowing a recording device at Plaintiffs' psychiatric exams is not "contrary to law." In fact, as discussed *supra*, the ruling is in accord with the conclusions of "the majority of federal" courts that have faced the issue. Plaintiffs argue that the psychiatric examinations of the Plaintiffs are "inherently adversarial," and to this end Defendants have agreed not to refer to Dr. Kezlarian, his exam or his report as in any way "independent." Also to this end, the Rule requires that the "examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(2). The Rule also requires this report to be provided to the party examined on request. Rule 35(b)(1). Plaintiffs will have ample opportunity to attack Dr. Kezlarian and his findings at the appropriate stage of the litigation process, and to present their own version of what was said and done during the psychiatric examinations. *See Williams*, 2013 WL 3467314, at *2 ("Plaintiff will have opportunity through her own testimony, the testimony of her witnesses, and cross-examination to challenge any inaccuracies with [the examiner's] findings."); *Letcher*, 2010 WL 1930113, at *10 (denying request for recording of Rule 35 exam, noting that "motions *in limine*, cross-examination, and contrary expert evidence provide abundant procedural safeguards"). Plaintiffs have failed to carry their burden of establishing special need or good cause for the recording of Plaintiffs' 2-hour long psychiatric examinations and the Court accordingly DENIES Plaintiffs' objections to this portion of Magistrate Judge Hluchaniuk's 9/16/14 Order.

Plaintiffs also object to that portion of the 9/16/14 Order that requires the Defendants to reimburse the Plaintiffs up to $400 for their travel costs associated with appearing for their psychiatric exams. Despite the fact that the Order expressly states that it is not awarding costs,

Plaintiffs insist that Magistrate Judge Hluchaniuk intended this $400.00 payment to be in the nature of punishment for Defendants' "bad behavior." Defendants have their version of what was said at the hearing on their motion, and as to what accommodations were or were not offered between the parties. Neither party has offered a transcript of those proceedings.

This Court is not in a position, nor is it required, to attempt to divine what Judge Hluchaniuk was thinking when he exercised his broad discretion over this discovery dispute and required the Defendants to contribute to Plaintiffs' travel costs in the amount of $400.00. There is no evidence that these costs were intended as a Rule 37 sanction. Nor is there anything in Rule 35(a)(2)(B), on which Plaintiffs rely in the alternative for this Objection, suggesting that Magistrate Judge Hluchaniuk was required to make this a "condition" of the examinations at all, let alone that the law required him to do so in an amount greater than $400.00. Plaintiffs chose to file suit in this state and this District and are now being required to attend a Rule 35 exam in their chosen forum. *Jackson v. Deen*, No. 412-139, 2013 WL 2027398 (S.D. Ga. Apr. 3, 2013), cited by Plaintiffs in their reply, in which the defendants proposed an expert who would conduct the examinations outside the forum state, is not binding, inapt and does not support Plaintiffs' contention that Magistrate Judge Hluchaniuk's order that Defendants contribute $400.00 to Plaintiffs' travel costs was somehow "contrary to law." Accordingly, the Court DENIES Plaintiffs' Objection to this portion of the 9/16/14 Order.

Plaintiffs' Objections are DENIED and the psychiatric examinations of the Plaintiffs shall proceed as set forth in Magistrate Judge Hluchaniuk's 9/16/14 Order.

IT IS SO ORDERED.                                s/Paul D. Borman
                                                 Paul D. Borman
Dated: November 24, 2014                         United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 24, 2014.

                                              s/Deborah Tofil
                                              Case Manager